**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. VAN DURDEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAN QUENTIN STATE PRISON,<br><br>    Defendant. | No. C 08-02940 JF (PR)<br><br>ORDER OF DISMISSAL<br><br><br><br>(Docket Nos. 2, 4 & 7) |

On June 12, 2008, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983, against prison officials at San Quentin State Prison for their alleged unconstitutional acts during his time of confinement at that institution. Plaintiff states that his informal appeals on this matter were "lost two times" and admits that the last level to which he appealed was not the highest level of appeal available to him. (Compl. at 2.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\VanDurden2940_dis-exh.wpd

court.  Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Id.  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  Id. at 2382-83 (citing Booth, 532 U.S. at 734).  Finally, the mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions.  Id. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Id. at 2387.  The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a).  The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Here, Plaintiff admits that he did not appeal his claims to the highest level of appeal available to him.  Accordingly, the instant complaint is DISMISSED without prejudice for failure to exhaust his administrative remedies prior to filing this action.  Plaintiff may choose to file a new complaint in a new civil rights action once he has exhausted his administrative remedies.

The Clerk shall terminate all motions (Docket Nos. 2, 4 and 7) and close the file.

IT IS SO ORDERED.

DATED: 10/21/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\VanDurden2940_dis-exh.wpd        2